# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ETTA SCOTTSDALE, LLC; *et al.*,[1] | ) | Case No. 24-10063 (KBO) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | Related to Docket Nos. 56 and 114 |

**ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (B) AUTHORIZING AND APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SUCH SALE, AND (C) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "*Motion*")[2] of the Debtors pursuant to which the Debtors request, *inter alia*, entry of an order: (i) approving bidding procedures (the "*Bidding Procedures*"), in connection with the sale ("*Sale*") of Assets (defined below) of the Debtors, (ii) approving the form and manner of notice, (iii) scheduling an Auction (defined below) and sale hearing to consider approval of the Sale and related matters (the "*Sale Hearing*"), (iv) authorizing procedures governing assumption and assignment of certain contracts and unexpired leases, and (v) granting related relief, as the foregoing requested relief is more fully described in the Motion; and the Court having considered all other documents, papers, and exhibits filed in connection therewith and support thereof, including, without limitation, the Declarations of David Pisor

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Etta Scottsdale, LLC (6137), Etta River North, LLC (1790); Etta Bucktown, LLC (3845); Etta Collective, LLC (7346); Aya Bakery, LLC (9515); and 1840 North Ave. Corp. (9501). The location of the Debtors' corporate headquarters is 433 W Van Buren St, Chicago, IL 60607.

[2] Unless otherwise indicated herein, all capitalized terms not otherwise defined in this Sale Order have the meanings ascribed to such terms in the Motion, the Purchase Agreement, the Bidding Procedures, or the Bidding Procedures Order, as applicable; provided, however, that in the event of an inconsistency between the terms of the Motion, the Bidding Procedures Order, the Bidding Procedures, or the Purchase Agreement, than this Sale Order shall control.

[Docket Nos. 58, 65 and 102] and Brian Laskov [Docket No. 103]; the Notice of Successful Bidder [Docket No. ___]; and the attached asset purchase agreement (the "*Purchase Agreement*") submitted by _____ (the "*Purchaser*"); and the Court being informed that in accordance with the Bidding Procedures, and in the Debtors' business judgment, the bid submitted by Purchaser in the amount of $_____ was determined to be the highest and best bid received; and it appearing that the Court has jurisdiction over this matter; and the Court finding that the relief requested in the Sale Motion with respect to the Sale constitutes an exercise of the Debtors' sound business judgment and is in the best interests of the Debtors, their estates, and their creditors; and after due deliberation and consideration and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND CONCLUDED THAT**:[3]

A.      The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

B.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter an order consistent with Article III of the United States Constitution.

C.      Venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D.      The statutory bases for the relief requested in the Motion are sections 105(a), 363, 365, 503, and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "*Bankruptcy Code*"), Rules 2002, 3007, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Procedure (the "*Bankruptcy Rules*") and Rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware.

E. Proper, timely, adequate, and sufficient notice of the Motion, the Auction, the Sale Hearing, the Sale, the Bidding Procedures Order, the Bidding Procedures, and the Assumption and Assignment Procedures (as defined in the Motion) has been provided in accordance with sections 102(1), 363, and 365 of the Bankruptcy Code and rules 2002, 6003, 6004, 6006, 7004, 9006, 9007, and 9014 of the Bankruptcy Rules, and no other or further notice of the Motion, the Auction and Sale Hearing, the Sale, the Bidding Procedures Order, the Bidding Procedures, or the Assumption and Assignment Procedures is required or necessary under the circumstances.

F. Upon payment of applicable Cure Amounts (or with respect to Assumed Contracts for which there are no Cure Amounts, upon entry of this Order), Purchaser will have provided adequate assurance of future performance with respect to each of the Assumed Contracts, as required by sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code. The Debtors, to the extent necessary will have satisfied all of the requirements of section 365(b)(1) of the Bankruptcy Code in connection with the assumption of the Assumed Contracts, and all of the requirements of section 365(f)(2) of the Bankruptcy Code in connection with the assignment of the Assumed Contracts to Purchaser.

G. The Bidding Procedures were substantively and procedurally fair to all parties and all potential bidders. The Debtors undertook substantial marketing efforts, and conducted the sale process without collusion and in accordance with the Bidding Procedures Order. The Debtors: (i) afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as Bidders and submit their highest or otherwise best offer to purchase the Assets under the

circumstances, (ii) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Assets, and (iii) considered any Bids submitted in accordance with the Bidding Procedures Order.

H.     The Debtors and the Purchaser have complied with the Bidding Procedures Order and the Bidding Procedures in all respects.

I.     Pursuant to the Bidding Procedures, as approved by the Court, the Purchaser submitted the highest and best offer for the Assets at the Auction, on the terms and conditions set forth in the Purchase Agreement.

J.     The Bidding Procedures and Auction afforded a full, fair, and reasonable opportunity for any entity to make a higher or better offer to purchase the Assets and no higher or better offer was timely made.

K.     The Debtors have agreed to the Purchase Agreement, this Order, and the transactions contemplated thereby and hereby.  The Sale is not being entered into fraudulently. The Debtors have advanced sound business reasons for seeking authority to enter into the Purchase Agreement and to sell the Assets, as more fully set forth in the Motion and as demonstrated by the Debtors in the filings related to the Motion, and it is a reasonable exercise of the Debtors' business judgment to sell the Assets and to execute the Purchase Agreement with the Purchaser.

L.     The Debtors have complied with the provisions of section 363 of the Bankruptcy Code.

M.     The Purchaser is a good faith purchaser in accordance with section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby.  Purchaser is not an "insider" of any of the Debtors as "insider" is defined in the Bankruptcy Code. All of the actions taken by the Debtors and Purchaser, and their respective officers, directors, employees,

counsel, financial advisors and other professionals in connection with the negotiation, execution, delivery, and consummation of the Sale and the Purchase Agreement, have been conducted at arm's length and have been in good faith. The Purchaser did not engage in any collusion in placing its bid to purchase the Assets. Purchaser is a good faith purchaser of the Assets and assignee of the Assumed Contracts within the meaning of section 363(m) of the Bankruptcy Code and, with respect to the acquisition of the Assets and assignment of the Assumed Contracts, is entitled to all of the benefits of section 363(m) of the Bankruptcy Code. The Sale may not be avoided under section 363(n) of the Bankruptcy Code. Absent a stay of the effectiveness of this Order, if any, the Debtors and the Purchaser will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing the Sale, at any time after the entry of this Order.

N.      The Debtors have exercised sound and proper business judgment in determining to: (i) sell the Assets to Purchaser, (ii) enter into the Purchase Agreement, and (iii) assume and assign to Purchaser the Assumed Contracts pursuant to section 365 of the Bankruptcy Code. Entry into the Purchase Agreement, assumption and assignment to Purchaser of the Assumed Contracts and consummation of the Sale constitute a good and sufficient exercise by the Debtors of their sound business judgment, and such acts are in the best interests of the Debtors, their estates and creditors, and all parties in interest under the circumstances. The Court finds that the Debtors have articulated both (a) good, sufficient, and sound business purposes and justifications and (b) compelling circumstances for the Sale of the Assets to Purchaser pursuant to section 363(b) prior to, and outside of, a plan of organization.

O.      The Purchase Agreement is a valid and binding contract between the Debtors and the Purchaser, which are and shall be enforceable against the Debtors and the Purchaser according to its terms.

P.  [The Stalking Horse Bidder served its role in good faith and is entitled to payment of the Break-Up Fee and Expense Reimbursement.]

Q.  There are good and sound business reasons for waiving the stay otherwise imposed by Bankruptcy Rules 6004(h), and 6006(d).

R.  Good cause exists to grant all relief provided herein, and the entry of this Order is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is GRANTED as set forth herein.

2.  All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

3.  The Debtors are authorized to: (a) sell the Assets to Purchaser, as the party with the highest and otherwise best offer for the Assets under the circumstances, in an amount equal to the Purchase Price set forth in the Purchase Agreement, and on the terms set forth in this Order and the Purchase Agreement; (b) assume the Assumed Contracts; and (c) assign such Assumed Contracts to Purchaser.

4.  The Debtors are authorized to sell the Assets to Purchaser, and, except as otherwise set forth in the Purchase Agreement, the Sale, assumption by the Debtors of the Assumed Contracts, and assignment of such Assumed Contracts to Purchaser shall be and are, pursuant to section 363(f) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances and interests. Any such liens, claims, encumbrances and interests shall attach to that portion, if any, of the purchase price ultimately attributable to the Assets against or in which such liens, claims, encumbrances and interests are asserted, subject to the terms of such liens, claims, encumbrances

and interests, with the same validity, force, and effect, and in the same order of priority, that such liens, claims, encumbrances and interests had prior to the Sale, subject to any rights, claims, offsets and defenses the Debtors or their estates, as applicable, may possess with respect thereto.

5. Except as otherwise set forth in the Purchase Agreement, any person seeking to assert any liens, claims, encumbrances or interests against, in, or to either the Assets, the Assumed Contracts, or Purchaser shall be enjoined and forever barred from pursuing such liens, claims, encumbrances or interests against the Assets, the Assumed Contracts and Purchaser, or any of its affiliates, successors or assigns. The terms of this Order shall be binding upon the Debtors, their estates, all creditors, all parties asserting any liens, claims, encumbrances or interests in the Assets or Assumed Contracts, and the respective successor and assigns of any of the foregoing, including, but not limited to, any trustee appointed in the Debtors' Chapter 11 cases or any subsequent Chapter 7 case or cases.

6. The Debtors are authorized and directed, pursuant to section 365 of the Bankruptcy Code, to assume and assign to Purchaser the Assumed Contracts, which assumption and assignment, without any further order of this Court being required, shall occur upon the closing of the Sale, subject to payment by Purchaser of any applicable Cure Amounts.

7. The provisions of the Purchase Agreement relating to the assumption and assignment of the Assumed Contracts are valid and binding, in full force and effect, and enforceable in accordance with their terms and upon the closing of the Sale. In accordance with sections 363 and 365 of the Bankruptcy Code, Purchaser shall be fully and irrevocably vested with all of the Debtors' rights, title and interest to and in each of the Assumed Contracts.

8. Any section or provision in any of the Assumed Contracts that purports to declare a breach, default, or payment right, or that purports to provide for additional payments, penalties,

charges, or other financial accommodations in favor of non-debtor counterparties to the Assumed Contracts as a result of the Debtors' assumption and assignment to Purchaser of the Assumed Contracts in connection with the Sale is unenforceable. Any such provisions constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code, but only in connection with the Sale to Purchaser. No assignment of any of the Assumed Contracts pursuant to the terms of the Purchase Agreement shall in any respect constitute a default under any of the Assumed Contracts.

9. All defaults under the Assumed Contracts arising or accruing prior to the closing of the Sale (without giving effect to any acceleration clauses or any default provision of the kind mentioned in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured upon payment of the Cure Amounts (or with respect to any Assumed Contract for which there are no Cure Amounts, upon entry of this Order), and any counterparty to an Assumed Contract shall be forever barred from asserting any other claim with respect to such Assumed Contract against the Debtors, their estates, the Purchaser or the property of any of them. Upon (a) payment of the applicable Cure Amount, if any; and (b) the assumption and assignment of each respective Assumed Contract in accordance with the Purchase Agreement and this Order, Purchaser shall enjoy the rights and benefits under the Assumed Contracts, and any non-debtor guarantors shall be relieved of any obligations thereon.

10. Pursuant to the Purchase Agreement and section 365 of the Bankruptcy Code, Purchaser shall assume all Assumed Liabilities.

11. This Order shall be binding upon and govern the acts of all entities and governmental authorities, including, all filing agents, filing officers, administrative agencies or

units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Assets. Each and every governmental authority, and any other person or entity is hereby authorized and directed to accept any and all documents and instruments in connection with or necessary to consummate the Sale.

12. Except with respect to enforcing the terms of the Purchase Agreement, the Bidding Procedures Order, or this Order, no person shall take any action to prevent, enjoin or otherwise interfere with the consummation of the Sale.

13. Any and all Assets in the possession or control of any person or entity, including any vendor, supplier, attorney or employee of the Debtors shall be transferred to Purchaser free and clear of all liens, claims, encumbrances or interests, and shall be delivered and deemed delivered at the time of closing of the Sale to Purchaser.

14. The Debtors and Purchaser are entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code with respect to the Sale, the assumption and assignment of the Assumed Contracts, and all transactions approved in this Order.

15. The terms and conditions of the Sale (including, without limitation, the consideration provided in respect thereof) are fair and reasonable and shall not be avoided pursuant to section 363(n) of the Bankruptcy Code or otherwise.

16. At the Closing, the Debtors are authorized and directed to sell, assign, transfer, convey and deliver all of the Debtors' rights, title, and interests in, to and under the Assets and the Assumed Contracts to Purchaser in accordance with the terms of the Purchase Agreement.

17. The Debtors have full power and authority to execute, deliver, and perform under the Purchase Agreement and all other documents necessary and appropriate to effect the Sale approved by this Order. No other consents or approvals, other than those expressly provided for in the Purchase Agreement and herein, are required for the Debtors to consummate the Sale.

18. [Payment of the Break-Up Fee and Expense Reimbursement upon the conditions set forth in the Bidding Procedures Order, Stalking Horse Agreement and the Bidding Procedures, is hereby approved.]

19. The automatic stay imposed by section 362 is hereby modified to the extent necessary to implement the provisions of this Order and the terms of the Purchase Agreement.

20. This Court retains jurisdiction to (a) enforce and implement the terms and provisions of the Purchase Agreement, (b) resolve any disputes arising under or related to the Purchase Agreement, and (c) interpret, implement, and enforce the provisions of this Order.

21. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order which may be entered confirming any plan of reorganization of the Debtors, appointing a Chapter 11 trustee, or converting the Debtors' cases, or any of them, from Chapter 11 cases to a case or cases under Chapter 7 of the Bankruptcy Code.

22. This Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates and their creditors, Purchaser, and its successor and assigns, and upon any superseding trustee in the Debtors' bankruptcy cases, or, in the event of (a) the appointment of a Chapter 11 trustee, upon the Chapter 11 trustee, or (b) the conversion to a Chapter 7 case, upon the Chapter 7 trustee. The Debtors and Purchaser shall be entitled to enforce the terms and provisions of this Order. This Order and the Purchase Agreement shall be binding in all respects upon (i) all Persons who are known to possess or assert a lien, claim, or encumbrance against the

Debtors or against or interest in any of the Assets (including all parties adverse to the Debtors in litigation), (ii) all Persons with liens of record on the Debtors' Assets as of the Petition Date, (iii) all creditors of each of the Debtors (whether known or unknown), (iv) all governmental authorities that were served with notice of the Sale, (v) all non-debtor counterparties to the Assumed Contracts and all parties known to claim any interest therein, (vi) all financial institutions at which the Debtors maintain deposit accounts, (vii) all successors and assigns of the Debtors and their affiliates and subsidiaries, (viii) any trustees, examiners, "responsible persons", foreign representatives or other fiduciaries appointed in the Debtors' bankruptcy cases or the bankruptcy cases of Debtors' affiliates and subsidiaries, or upon appointment of a Chapter 11 trustee or conversion to a Chapter 7 under the Bankruptcy Code, and (ix) all current and former employees of the Debtors. The Purchase Agreement shall not be subject to rejection or avoidance under any circumstances.

23.     The failure to specifically include or make reference to any particular provision of the Purchase Agreement, or any other document contemplated thereby or in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement and any other document contemplated thereby are authorized and approved in their entirety and shall be binding upon and enforceable by and against the Debtors, their estates and the Purchaser. The Purchase Agreement shall not be amended, unless agreed by the parties thereto in writing, with the consent of the United States Trustee and the Subchapter V Trustee.

24.     This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a)(1). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014, rule 54(b) of the Federal Rules of Civil Procedure, made applicable here by Bankruptcy Rule 7054, and any other applicable rule or law, the Court expressly finds that there

is no just reason for the delay in implementation of the Order, waives any stay, and expressly directs entry of the Order as set forth herein.

25. Purchaser may close and consummate the Sale in accordance with the Purchase Agreement, notwithstanding that this Order has not become a final order.

**Miscellaneous Provisions**

26. LendingClub reserves its rights to challenge the validity, priority, and extent of its liens vis-à-vis the liens of Wintrust, as against the assets of Etta Bucktown, LLC or the proceeds thereof, as well as its right to assert a lien thereon vis-à-vis Wintrust's lien thereon.

27. Notwithstanding anything in the Bidding Procedures, the Bidding Procedures Order, or this Order that might appear to be contrary, the rights of all creditors who assert claims (the "*PACA Claims*") under the trust provisions of the Perishable Agricultural Commodities Act ("*PACA*") are expressly reserved. Following the closing of the Sale, to ensure that sufficient funds are available to pay all PACA Claims in the event such claims are deemed valid and allowed, the Debtors shall escrow funds sufficient to satisfy the PACA Claims from the proceeds of the Sale; provided, however, that the rights of the Debtors and other parties to object to the PACA Claims and/or to oppose any relief requested by holders of PACA Claims are likewise preserved.

28. Notice of the Motion, as provided therein, shall be deemed good and sufficient notice, and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice or otherwise deemed waived.

29. The Debtors are temporarily relieved of the requirements of Local Rule 6004-1(b)(ii) and shall have through and including fourteen (14) days prior to the Sale Hearing to file a copy of the proposed Sale Order.

30. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

31. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

32. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

33. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.