**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re**: | Chapter 11 – Subchapter V |
| ETTA SCOTTSDALE, LLC, *et al.*,[1] | Case No. 24-10063 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: March 27, 2024 @ 4:00 p.m.**<br>**Sale Hearing: April 2, 2024 @ 1:00 p.m.** |
| | Ref. D.I. Nos. 114, 121, 122, 160, 218, 219, 220 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF WPG LEGACY, LLC**
**TO THE PROPOSED SALE AND ASSUMPTION AND ASSIGNMENT**
**OF THE DEBTORS' UNEXPIRED LEASE AT SCOTTSDALE QUARTER**

WPG Legacy, LLC ("WPG"), as the managing agent for SDQ Fee, LLC (the "WPG Landlord"), by its undersigned counsel, submits this objection and reservation of rights (this "Limited Objection") to the above-captioned debtors' (the "Debtors") proposed sale (the "Proposed Sale") and assumption and assignment of the Debtors' unexpired lease at Scottsdale Quarter (the "Center") in Scottsdale, Arizona to [iKind Cards, Inc.] pursuant to the *Order (I) Approving Bidding Procedures in Connection With Sale of Assets of the Debtors, (II) Approving Form and Manner of Notice, (III) Scheduling Auction and Sale Hearing, (IV) Authorizing Procedures Governing Assumption and Assignment of Certain Contracts and Unexpired Leases, and (V) Granting Related Relief* (the "Bidding Procedures Order") [Docket No. 114].[2] In support of this Objection, WPG respectfully states:

**BACKGROUND**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Etta Scottsdale, LLC (6137), Etta River North, LLC (1790); Etta Bucktown, LLC (3845); Etta Collective, LLC (7346); Aya Bakery, LLC (9515); and 1840 North Ave. Corp. (9501). The location of the Debtors' corporate headquarters is 433 W Van Buren St, Chicago, IL 60607.

[2] Terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order.

1.      On or about December 31, 2020, Etta Scottsdale, LLC (the "Scottsdale Debtor") and the WPG Landlord entered into that certain unexpired lease (the "WPG Lease") of nonresidential real property located at the Center (the "Leased Premises") where the Scottsdale Debtor operates a restaurant called etta.[3]

2.      The obligations of the Scottsdale Debtor under the WPG Lease were guaranteed by David Pisor, Jim Lasky and What If Syndicate, LLC (collectively, the "Guarantors") by written guarantees (collectively, the Guarantees"), dated December 18, 2020, delivered concurrently with the Scottsdale Debtor's execution of the WPG Lease.[4]

3.      The Leased Premises is located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See, e.g.*, *In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1086-87 (3rd Cir. 1990); *See* WPG Lease, §§ 1.2(a) and 8.1.

4.      On January 18, 2024 (the "Petition Date"), the Scottsdale Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (this "Court"). Subsequently, on February 1, 2024 certain affiliates of the Scottsdale Debtor filed voluntary petitions for relief under subchapter v of chapter 11 of the Bankruptcy Code. The Debtors' cases are being jointly administered under *In re Etta Scottsdale, LLC*, Case No. 24-10063.

5.      Upon information and belief, the Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.      On February 13, 2024, this Court entered the Bidding Procedures Order that, among

---

[3] A partial copy of the redacted WPG Lease is attached at Exhibit A. WPG will provide the full, unredacted copy of the WPG Lease to this Court upon request.
[4] Copies of the Guarantees are attached hereto as Exhibit B.

other things, approved certain Bidding Procedures for the Proposed Sale along with procedures for the assumption and assignment of certain executory contracts and unexpired leases.

7.       As contemplated by the Bidding Procedures Order, on February 15, 2024, the Debtors filed the *Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With Sale* (the "Notice") [Docket No. 122], which identifies certain unexpired leases that the Debtors may assume and assign in connection with any proposed sale, including the WPG Lease. The Debtors propose $155,000.00 (the "Proposed Cure Amount") as the aggregate amount necessary to cure all monetary defaults under the WPG Lease. As provided in the Notice, objections to the Proposed Cure Amount were due by February 29, 2024 at 4:00 p.m. EST and objections to the Proposed Sale and adequate assurance of future performance are due by March 27, 2024 at 4:00 p.m. EST.

8.       On February 28, 2024, WPG timely filed its *Objection and Reservation of Rights of WPG Legacy, LLC to the Debtors' Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With Sale* (the "Cure Objection") [Docket No. 160], objecting to the Proposed Cure Amount and requiring the Debtors' compliance with the section 365 of the Bankruptcy Code in connection with any assumption and assignment of the WPG Lease. Pursuant to the Cure Objection, WPG asserted a cure amount of $204,192.02 as of February 28, 2024 ("WPG Cure Amount") for the WPG Lease and reserved all of its rights.[5]

9.       On March 22, 2024, WPG filed its *Supplemental Objection and Reservation of Rights of WPG Legacy, LLC to the Debtors' Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With Sale* (the "Supplemental Cure Objection") [Docket No. 218], revising the WPG Cure Amount to include additional amounts

---

[5] *See* First Objection ¶ 16.

that have come due and/or that may arise and come due in connection with any proposed assignment of the WPG Lease. The Supplemental Cure Objection sets forth a Revised Cure Amount (as defined in the Supplemental Cure Objection) of $252,677.20, plus attorneys' fees and potential contingent and unliquidated amounts.

10.     On March 22, 2024, the Debtors filed the Proposed Sale Order [Docket No. 219].

11.     On March 26, 2024, the Debtors filed the *Notice of Completion of Auction and Designation of Successful Bidder* (the "Successful Bidder Notice") [Docket No. 220] identifying inKind Cards, Inc. as the successful bidder (the "Successful Bidder") of substantially all of the Debtors' assets, including the WPG Lease. Affixed to the Successful Bidder Notice is the Agreement for the Purchase of Assets between the Debtors and the Successful Bidder (the "Purchase Agreement"). WPG understands based on representations made by Debtors' counsel that the Successful Bidder will be operating an etta restaurant at the Leased Premises in accordance with the terms of the WPG Lease.

12.     While WPG is hopeful that its concerns related to the Proposed Sale and Proposed Sale Order will be resolved consensually with the Debtors in advance of the hearing on April 2, 2024, WPG files this Limited Objection out of an abundance of caution to preserve its rights.

## LIMITED OBJECTION

13.     Although WPG does not object to the Debtors' right to sell substantially all of the Debtors' assets, including the WPG Lease, WPG does object to any Proposed Sale to the extent that such sale seeks to impair, limit and/or modify WPG's rights under the WPG Lease, the Bankruptcy Code and applicable law. Any assumption of the WPG Lease must be conditioned on the Debtors' compliance with the requirements of section 365 of the Bankruptcy Code and the WPG Lease, including, but not limited to, paying all amounts due and owing under the WPG Lease

through the effective date of the assumption and assignment of the WPG Lease and providing

adequate assurance of future performance under the WPG Lease.

A.      ***The Debtors are Required to Assume and Assign the WPG Lease in its Entirety, Including any and all Conditions and Obligations Contained in the WPG Lease, and all WPG's Rights Under the WPG Lease and Applicable Law Must be Preserved***

14.      WPG objects to any attempt by the Debtors and the Successful Bidder to side-step or

invalidate the bargained-for protections in the WPG Lease. WPG is entitled to the full benefit of its

bargain under the WPG Lease and the full protections provided by section 365 of the Bankruptcy

Code. *See, e.g., In re Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998).

15.      Any assumption and assignment of the WPG Lease requires the Debtors to assume

and assign the WPG Lease in its entirety, including any and all conditions, covenants, monetary

and non-monetary obligations and terms contained in the WPG Lease for which the Debtors are

responsible pursuant to the WPG Lease. *See, e.g., In re New York Skyline, Inc.*, 432 B.R. 66, 77

(Bankr. S.D.N.Y. 2010) (citations omitted) ("When a debtor assumes the lease…it must assume

both the benefits and burdens of the contract. Neither the debtor nor the bankruptcy court may

excise material obligations owing to the non-debtor contracting party."); *Shangra-La, Inc. v. Three*

*Sisters Partner, L.L.C.*, 176 F.3d 843, 849 (4th Cir. 1999) (citing *Adventure Resources, Inc. v.*

*Holland*, 137 F.3d 786, 798 (4th Cir.), cert. denied, 117 S.Ct. 404 (1998)) ("When the Debtor

assumes its unexpired lease…it assumes it *cum onere*—the debtor must accept the obligations of

the executory contract along with the benefits."); *see also Citibank, N.A. v. Tele/Resources, Inc.*,

724 F.2d 266 (2nd Cir. 1983) ("An assignment does not modify the terms of the underlying

contract. It is a separate agreement between the assignor and the assignee which merely transfers

the assignor's contract rights, leaving them in full force and effect as to the party charged….Insofar

as an assignment touches on the obligations of the other party to the underlying contract, the

assignment moves into the shoes of the assignor.") (citations omitted). The Proposed Sale cannot override the parties' contractually bargained for rights under the WPG Lease. *See In re Nat'l Gypsum Co.*, 208 F.3d 498, 506 (5th Cir. 2000) (executory contracts are assumed *cum onere*, subject to all its benefits and burdens).

16.     Here, the Proposed Sale Order and Purchase Agreement are silent with respect to the Successful Bidder's responsibility for all (a) accruing but unbilled charges under the WPG Lease as of the closing or the assumption and assignment of the WPG Lease; (b) regular and periodic unpaid adjustments and reconciliations (such as adjustments for common area maintenance, taxes and similar charges), that were not due or had not yet been determined as of the Closing or the assumption and assignment of the WPG Lease; and (c) insurance, indemnification, contribution and other contractual obligations under the WPG Lease. The Proposed Sale Order and the Purchase Agreement leave no recourse for WPG against the Debtors or the Successful Bidder with respect to these charges and obligations in violation of section 365 of the Bankruptcy Code.

17.     The Successful Bidder must be responsible for satisfying these obligations and charges when due in accordance with the terms of the WPG Lease, regardless of when such amounts were incurred. Accordingly, the Proposed Sale Order must preserve WPG's right to payment of these charges and expressly provide that any assignee of the WPG Lease (including, but not limited to, the Successful Bidder) continues to be responsible for any and all express and implied covenants and obligations under the WPG Lease or related documents or supplements, regardless of when such covenants or obligations arose.

18.     Moreover, WPG's rights under the WPG Lease, the Guarantees and applicable law must survive the Proposed Sale. Pursuant the Proposed Sale Order and Purchase Agreement, the

Successful Bidder will acquire the Debtors' assets free and clear of all liens, claims, encumbrances, liabilities and/or interests (other than Assumed Liabilities (as defined the Purchase Agreement), presumably resulting in the impairment of WPG's setoff and recoupment rights under the WPG Lease and applicable law. *See* Proposed Sale Order, ¶¶ 4 & 13; *see* Purchase Agreement, §§ 1, 2, 5 & 13(c).

19.     Additionally, in contravention of the terms of the Guarantees and WPG's rights thereunder, the Proposed Sale Order seeks to relieve the Guarantors, non-debtor parties, from any obligations under the WPG Lease. *See* Proposed Sale Order, ¶ 9. The Guarantees provide that each Guarantor remains liable for the full and complete performance of the WPG Lease and such liability under the Guarantees continues to survive during the term of the WPG Lease notwithstanding the assignment of the WPG Lease. Below is the relevant provision in each Guaranty:

> The undersigned agree that in the event of insolvency, bankruptcy, or reorganization of Tenant, any liquidation, dissolution, winding-up or cancellation of the legal status of Tenant, any composition or arrangement by Tenant with its creditors, and irrespective of any rejection, assignment or termination of the Lease or any of the terms and conditions thereof by Tenant or any trustee of Tenant in connection with any petition for bankruptcy or reorganization filed by Tenant under the Bankruptcy Code or any other applicable federal or state law, the undersigned shall, nonetheless, remain liable hereunder for the full and complete performance of the terms and conditions of the Lease to be complied with or performed by Tenant during the entire Lease Term designated in the Lease . . . It is understood that the liability hereunder of Guarantor shall continue for and during the entire Lease Term and any renewals or extensions thereof, notwithstanding any assignment of the Lease or subletting of all or any portion of the premises demised under the Lease. Except as set forth herein, this Guaranty shall not be limited to any amount or time and shall at all times include the full indebtedness and all other liability and obligation of Tenant, or any assignee or subtenant of Tenant, to Landlord under the Lease.

*See* Exhibit B.

20.     Nothing in the Bankruptcy Code permits the Debtors to release the Guarantors from

their obligations. *In re Gil W., Inc.,* 19 B.R. 949, 951 (Bankr. E.D. Cal. 1982) ("neither 11 U.S.C.

Section 363 nor any other provision of the Bankruptcy Code authorizes the Trustee to exonerate

or release a guarantor from his obligations under a guarantee of performance"). In fact, the

Bankruptcy Code expressly excludes non-debtor guarantors from protections afforded to a debtor.

*See e.g.,* 11 U.S.C. § 524(e) ("discharge of a debt of the debtor does not affect the liability of any

other entity on … such debt); 11 U.S.C. § 362 (the automatic stay does not apply to actions against

a non-debtor"). The Debtors cannot use the Proposed Sale to relieve the Guarantors, one of whom

is an insider of the Debtors, from their obligations under the Guarantees, contracts that are not part

of the Debtors' estates.   This is akin to a non-consensual non-debtor release, to which WPG wholly

objects.

21.     In sum, WPG objects to these provisions and any other provisions in the Proposed

Sale Order and/or Purchase Agreement that seek to impair, limit or modify WPG's rights under

the WPG Lease, the Guarantees, the Bankruptcy Code and applicable law. The rights of WPG

under the WPG Lease and Guarantees (including defenses thereto) cannot be extinguished or

modified in connection with the assignment of the WPG Lease to the Successful Bidder.

**B.**     ***The Debtors Must Demonstrate the Successful Bidder's Adequate Assurance of Future Performance***

22.     In accordance with section 365 of the Bankruptcy Code, the Debtors cannot assume

and assign the WPG Lease unless the Debtors provide adequate assurance of future performance

under the WPG Lease. 11 U.S.C. § 365(b)(1)(C); *see also* 11 U.S.C. § 365(f)(2). The Debtors bear

the burden of demonstrating adequate assurance of future performance under the WPG Lease. *In*

*re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1991). *See also In re*

*Federated Dept. Stores, Inc.*, 135 B.R. 941, 944 (Bankr. S.D. Ohio 1991); *In re TSW Stores of*

*Nanuet, Inc.*, 34 B.R. 299, 308 (Bankr. S.D.N.Y. 1983). Courts require a specific factual showing

through competent evidence to determine whether adequate assurance of future performance has been provided. *See*, *e.g.*, *Matter of Haute Cuisine, Inc.*, 58 B.R. 390 (Bankr. M.D. Fla. 1986) (even though experts presented cash flow projections, the court found that insufficient documentary evidence had been presented).

23.    On March 22, 2024, the Debtors provided WPG, through counsel, with the Successful Bidder's adequate assurance of future performance information (the "Proposed Adequate Assurance Information"). WPG is reviewing the Proposed Adequate Assurance Information and discussing same with representatives of the Successful Bidder. WPG has also requested additional information from the Successful Bidder demonstrating the Successful Bidder's ability to perform under the WPG Lease and operate the etta restaurant at the Center, including financial statements, business plan, cash flow projections for the WPG Lease and evidence of the Successful Bidder's restaurant experience.

24.    For the avoidance of doubt, and to preserve WPG's rights in the event that the Proposed Adequate Assurance Information fails to satisfy the requirements of the Bankruptcy Code and applicable law, the adequate assurance of future performance information required to be provided as part of the Proposed Sale and assignment of the WPG Lease must demonstrate, among other things, that the heightened standards for adequate assurance of future performance in a shopping center will be satisfied by the proposed assignee of the WPG Lease. 11 U.S.C. § 365(b)(3); *see, e.g.*, *In re Three A's Holdings, L.L.C.*, 364 B.R. 550 (Bankr. D. Del. 2007) (discussing adequate assurance requirements in the context of a shopping center lease).[6]

25.    WPG demands strict proof of adequate assurance of future performance under the

---

[6] WPG expressly reserves the right to request further adequate assurance information that WPG may deem necessary, in its sole and unfettered discretion, to make an informed decision as to the Successful Bidder and/or proposed assignee's adequate assurance of future performance under the WPG Lease.

WPG Lease. WPG is entitled to the full benefit of its bargain under the WPG and the full protections provided by section 365 of the Bankruptcy Code. Any assumption and assignment of the WPG Lease must be in accordance with all provisions of the WPG Lease and the Bankruptcy Code. *See Entertainment, Inc.*, 223 B.R. at 151.

## **RESERVATION OF RIGHTS**

26.     Nothing in this Limited Objection is intended to be, or should be construed as, a waiver by WPG of any of its rights under the WPG Lease, the Guarantees, the Bankruptcy Code, or applicable law. WPG expressly reserves all such rights.

## **JOINDER**

27.     WPG joins in any objections that are filed by other landlords to the extent that they are not inconsistent with this Limited Objection.

**WHEREFORE**, WPG respectfully requests that this Court sustain this Limited Objection and grant WPG such other and further relief as this Court deems just and appropriate under the circumstances.

[*Signature Page Follows*]

Dated:  March 27, 2024                 Respectfully submitted,

**LAW OFFICE OF SUSAN E. KAUFMAN, LLC**

*/s/ Susan E. Kaufman*

Susan E. Kaufman, (DSB# 3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
Tel: (302) 472-7420
Fax: (302) 792-7420 Fax
skaufman@skaufmanlaw.com

and

**FROST BROWN TODD LLP**
Ronald E. Gold, Esq.
Ohio Bar No. 0061351
Erin P. Severini, Esq.
Ohio Bar No. 0091487
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45202
Tel: (513) 651-6800
Fax: (513) 651-6981
Email: rgold@fbtlaw.com
         eseverini@fbtlaw.com

and

Mark A. Platt, Esq.
Texas Bar No. 00791453
Rosewood Court
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Tel: (214) 580-5852
Fax: (214) 545-3473
Email: mplatt@fbtlaw.com

**COUNSEL FOR WPG LEGACY, LLC**